DAVEY *et al.* v. FIRST NAT. BANK OF DEADWOOD.

Laws Dak. Ter. 1881, Chap. 31, permitting parties to "contract for any rate agreed on" in certain counties, does not require the rate to be expressed in the contract.

(Opinion filed July 20, 1897.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

On rehearing.

Action to recover statutory penalty for taking usurious interest. Plaintiffs had judgment and defendant appealed In an opinion reported in 8 S. D. 214, 66 N. W. 122, the judgment was reversed and the cause remanded for a new trial. In this opinion upon the rehearing, the former judgment of this court is modified and the cause is remanded with directions to dismiss the action.

*Moody & Washabaugh,* for appellant.

*W. L. McLaughlin* and *W. R. Steele,* for respondents,

HANEY, J. The decision heretofore rendered in this action will be found in 66 N. W. 122. Plaintiff petitioned for a rehearing, and defendant moved to have the judgment of this court modified, it contending that whatever interest may be included in the notes given by plaintiffs to the bank, and which are shown to have been paid, cannot be recovered, for the reason that such notes constitute express contracts, in writing, and were lawful in Lawrence county, when and where the notes were executed. A rehearing having been granted, all the issues involved were reargued, and have received careful consideration, with the result that the court adheres to its former decision in respect to the failure of the evidence to disclose the payment of any interest, except such as may be represented by the two promissory notes mentioned therein. These notes were executed in 1883. At that time it was lawful in Lawrence county for defendant to contract, in writing, for any rate of interest agreed on between the parties. Guild v. Bank, 4. S. D. 566, 57 N. W. 499. Plaintiffs concede this to be the law, but contend that the rate must be expressed in the written contract. A simple illustration will serve to show the fallacy of their position: A. goes to a bank to make a loan. He receives $100, and delivers his note, wherein he promises to pay $100, 30 days after date, with interest from date at the rate of 5 per cent per month. At the end of 30 days he will owe the bank $105, which amount can be collected by the bank, under such a law as was in force in Lawrence county from February, 1881, until July 1, 1887. B. goes to the same bank, receives $100, and gives his note, wherein he promises to pay $105 30 days after date, without interest, or with a certain rate after maturity. At the end of 30 days he will owe the bank $105, and can there be any doubt of the bank's right to enforce collection? The intention of the parties—the essence of the contract—is precisely the same in both cases, the latter method being the one usually employed by banks in making loans. "Interest is the compensation allowed for the use or forbearance or deten-

tion of money, or its equivalent." Comp. Laws, § 3718. When and where the notes in question were executed, the law permitted, or, rather, did not forbid, parties from contracting, in writing, to pay any compensation they saw fit for the use of money. A promise to pay any amount of compensation was, if in writing, enforceable, whether the promise was made before or after the money was used or retained by the promisor. It follows that, if these notes include any amounts as compensation for the use of money loaned to plaintiffs by defendant, such amounts can be recovered, because plaintiffs promised in writing to pay the same, and such promise was valid in Lawrence county, where it was made. Therefore the former judgment of this court is modified as herein indicated; the judgment of the circuit court is reversed; and the cause remanded, with directions to dismiss the action, and render judgment in favor of the defendant for costs.